NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM THOMAS, | Civil Action No. 13-4150 (FLW) |
| Plaintiff, | |
| v. | OPINION |
| CHARLES E. WARREN, JR., | |
| Defendants. | |

**APPEARANCES**:

    WILLIAM THOMAS, 267620C
    New Jersey State Prison
    P.O. Box 861
    Trenton, NJ 08625
    Plaintiff *Pro Se*

**WOLFSON, District Judge**:

On July 8, 2013, this Court received from Plaintiff, William Thomas, an inmate incarcerated at New Jersey State Prison, a complaint and application to proceed *in forma pauperis*. By Order and Opinion entered July 29, 2013, this Court granted Plaintiff's *in forma pauperis* application, dismissed certain claims raised in the Complaint with prejudice, and dismissed Plaintiff's challenges asserting that he was kept completely naked for at least 23 days, and that he was denied food and nutrients for the same period, without prejudice to the filing of an amended complaint within 30 days. (ECF Nos. 3, 4.)

On July 29, 2013, the same day the Clerk entered this Court's Opinion and Order dismissing the Complaint, Plaintiff mailed a letter seeking a temporary restraining order and one-page affidavit to the Clerk for filing. (Envelope, ECF No. 5 at 3.) Since this Court dismissed Plaintiff's Complaint, he has not sought to file an amended complaint, and his affidavit does not satisfy the standard for granting injunctive relief, this Court will deny the motion for a temporary restraining order.

## I. BACKGROUND

As stated above, by Opinion and Order entered July 29, 2013, this Court dismissed Plaintiff's Complaint, but granted him 30 days to file an amended complaint asserting a cognizable claim under 42 U.S.C. § 1983 with respect to his allegations that, from May 6, 2013, through May 29, 2013, he was kept in a cell and denied any form of nutrition and clothing. The same day this Opinion and Order were entered, Plaintiff's letter and affidavit seeking a temporary restraining order were mailed to the Clerk of this Court. (Envelope, ECF No. 5 at 3.) The Clerk received them the next day, on July 30, 2013. In the letter, Plaintiff states that, on August 1, 2013, relying on the attached affidavit, he will move for an order to issue a temporary restraining order. (Letter, ECF No. 5 at 1.) Plaintiff asserts the following facts in the affidavit:

> Since I filed my litigation I have been har[]assed verbally, threatened, cell trashed, food tampered with, dead mice put in my trays (as to say I'm a dead rat!) I really feel there is a substantial need for a temporary restraining order[;] they (officers) tamper with my mail incoming/outgoing[,] e[tc]. I feel the staff may try to physically do harm to my person at any given time. Thus this request for (T.R.O.)

(Affidavit, ECF No. 5 at 2.)

## II. STANDARD FOR TEMPORARY RESTRAINIING ORDER

A party seeking a temporary restraining order or preliminary injunction "must show: (1) likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Conestoga Wood Specialties Corp. v. Secretary of U.S. Dept. of Health and Human Services.,* 724 F.3d 377, 382 (3d Cir. 2013) (citation and internal quotation marks omitted). "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit-Mar Enters, Inc.,* 176 F.3d 151, 153 (3d Cir. 1999).

### III.   DISCUSSION

This Court previously determined that the allegations in Plaintiff's Complaint failed to state a claim under 42 U.S.C. § 1983, but granted Plaintiff leave to amend his claim concerning the alleged denial of food and clothing for 23 days.  Accordingly, when the Court received Plaintiff's motion, there was no pending complaint.   Even if this Court construed his motion as an attempt to amend his complaint, the averments in Plaintiff's affidavit supporting his motion do not cure the defects in the original Complaint or otherwise state a claim under § 1983.   The averments are too vague to comply with the pleading regime established by the Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.")  (citation omitted).   Because Plaintiff has not shown a likelihood of success on the merits, he is not entitled to injunctive relief.  *See Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff,* 669 F.3d 359, 366 (3d Cir. 2012) (A plaintiff seeking an injunction must show a likelihood of success on the merits, and the failure to do so "must necessarily result in the denial of a preliminary injunction.")

### III.   CONCLUSION

This Court denies Plaintiff's motion for a temporary restraining order or preliminary injunction.

  s/Freda L. Wolfson  
**FREDA L. WOLFSON, U.S.D.J.**

DATED:   January 31 , 2014